# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THABITI SALIM WILSON,<br><br>      Plaintiff,<br><br>  vs.<br><br>G. SILVA, et al.,<br><br>      Defendants. | 1:11cv01887 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Thabiti Salim Wilson ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 14, 2011. He names Correctional Officers G. Silva, John Doe and Jane Doe as Defendants.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Kern Valley State Prison, where the events at issue in this action occurred. He alleges that on January 9, 2008, during the morning work release, four white inmates were attacked by a group of black inmates. The incident led to an immediate lockdown of Facility D. Later in the evening, during the 4 p.m. count, Defendant John Doe came by and unlocked the tray slots. Plaintiff asked him why he was unlocking the slots and he replied, "Something happened, we're not walking to chow." Complaint, at 3. Plaintiff alleges that at that point, Plaintiff knew they were on lockdown.

After chow time, Defendant Silva began running the showers. Prisoners were not being handcuffed and escorted to the showers, and floor officers were not in sections supervising the showers. Plaintiff alleges that based on his experience, inmates are handcuffed before exiting their cells and all movement outside of cells is escorted during a lockdown due to racial violence.

Plaintiff's cell was the first black cell released for showers. No handcuffs or escorts were used. When he finished showering, Defendant Silva asked Plaintiff if he was going right back to his cell. Plaintiff said that he was. At that time Defendant Silva opened his neighbor's cell door. The inmates, who were white inmates with knowledge of the earlier incident, immediately attacked Plaintiff. He was stabbed multiple times and sustained lacerations to his head, chest and left forearm. Plaintiff received stitches and contends that he was in excruciating pain for weeks. He states that his left forearm still becomes numb from time to time.

Plaintiff contends that if Defendants Silva, John Doe and Jane Doe had followed proper lockdown procedure and safety precautions, he would not have been attacked. He alleges that they displayed deliberate indifference by failing to properly perform their duties and neglecting their responsibilities.

C. **ANALYSIS**

    1. *Eighth Amendment*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Here, Plaintiff alleges that Defendants failed to handcuff and escort him during a lockdown, in violation of prison policy. He also alleges that they displayed deliberate indifference by failing to properly perform their duties, which led to Plaintiff's attack. However, Plaintiff alleges no facts to demonstrate that any Defendant *knew of*, and disregarded, an excessive risk to Plaintiff's health or safety. Plaintiff asserts that Defendants violated lockdown procedure, but he presents no facts that Defendants did so in knowing disregard of Plaintiff's safety. Although Plaintiff states that they acted with deliberate indifference, he must do more than simply state a legal conclusion. Iqbal, 129 S. Ct. at 1949 (citations omitted).

Moreover, a negligent failure to follow prison rules is not, by itself, a constitutional violation. <u>Estate of Ford v. Ramirez–Palmer</u>, 301 F.3d 1043, 1051–52 (9th Cir.2002) (there is no constitutional prohibition against double-celling and negligent failure to follow prison rules is not a constitutional violation).

2. *Defendants John and Jane Doe*

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

Here, Plaintiff has failed to link Defendant John Doe to a constitutional violation. The only facts alleged against Defendant John Doe are that he unlocked the tray slots and told Plaintiff that they were not walking to chow. Although Plaintiff also states that Defendant John Doe failed to follow proper lockdown procedure, such conclusory allegations do not suffice. Rule 8, discussed above, requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . ." <u>Iqbal</u>, 129 S. Ct. at 1949 (citations omitted).

Plaintiff's complaint also fails to allege *any* facts to link Defendant Jane Doe to any violation. Again, although Plaintiff states that Defendant Jane Doe failed to follow proper lockdown procedure, there are no facts to support his conclusory statement.

D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can

5

cure the deficiency identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983</u>.

IT IS SO ORDERED.

Dated: **January 30, 2013**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE