# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THABITI SALIM WILSON,

               Plaintiff,

    vs.

G. SILVA, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

1:11cv01887 LJO DLB PC

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

THIRTY-DAY DEADLINE

Plaintiff Thabiti Salim Wilson ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 14, 2011.

On January 31, 2013, the Court screened the complaint and found that Plaintiff failed to state a claim for which relief could be granted. Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on May 2, 2013. He names Kern Valley State Prison ("KVSP") Correctional Officers G. Silva, John Doe and Jane Doe as Defendants.

## A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     <u>**SUMMARY OF PLAINTIFF'S ALLEGATIONS**</u>

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California. The events occurred while Plaintiff was incarcerated at KVSP.

Plaintiff alleges that on January 9, 2008, he was housed in D Facility in Building 3. Defendant Silva was the Third Watch Control Officer.  Defendants John Doe and Jane Doe were the Third Watch Floor Staff.

On the morning of January 9, 2008, D Facility was placed on lockdown because a group of black inmates attacked a group of white inmates.  The incident occurred during Second Watch.  Plaintiff believes that when the Third Watch Staff arrived, they were made aware of the incident that took place on Second Watch and the fact that Facility D was on lockdown.

During the Third Watch Shower Program on January 9, 2008, Plaintiff was attacked and stabbed multiple times by two white inmates.  Plaintiff believes that he was attacked because Defendants Silva, John Doe and Jane Doe failed in their duties as Control Officer and/or Floor Staff.  Plaintiff believes that if they had run the Shower Program according to lockdown procedure, his health and safety would not have been put in jeopardy.

Plaintiff believes that lockdown procedure for KVSP D Facility requires that inmates be handcuffed and escorted during Lockdown Shower Program.  Plaintiff believes that proper lockdown procedure is to keep all involved races completely separate to avoid any further incidents.  Plaintiff believes that proper lockdown procedure requires that no cell door be opened by staff without making sure inmates are handcuffed and under escort by Floor Staff.

Plaintiff contends that Defendants failed to follow "these simple procedures and in doing so showed a deliberate indifference to [his] health and safety."  Compl. 4.

**C.** **ANALYSIS**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

As an initial matter, the Court notes that Plaintiff omitted many of the details included in his original complaint that fully explained the event at issue.  For example, Plaintiff does not explain how he was stabbed and why he believes that Defendants did not follow protocol. Although he states that he believes lockdown procedure requires that inmates be handcuffed and cell doors not be opened, he does not specifically say how or why these procedures are relevant.

The Court explained in the prior order that an amended complaint supercedes the prior complaint, and that it must be complete in itself without reference to the prior pleading.  The Court is therefore unable to incorporate the facts that Plaintiff included in his original complaint into his FAC.

In the prior screening order, the Court determined that Plaintiff had not adequately alleged that Defendants knew of and disregarded an excessive risk to his health or safety. Although Plaintiff alleged that Defendants violated lockdown procedure, as he continues to do in his FAC, the Court explained that Plaintiff did not present facts to show that they did so in knowing disregard of Plaintiff's safety.

Plaintiff has failed to correct this deficiency.  First, to the extent Plaintiff makes allegations based on what he believes, such allegations do not provide facts sufficient to state a claim.  This is especially true where Plaintiff has failed to present sufficient factual information to provide a complete picture of the event at issue.

Second, even if the Court accepts Plaintiff's beliefs, he still fails to demonstrate that Defendants acted with deliberate indifference.  For example, Plaintiff states that he believes that Second Watch told Third Watch of the incident and lockdown, that he was attacked because Defendants failed in their duties and that if Defendants had run the Shower Program correctly, he would not have been placed in danger.  He also sets forth what he believes is required by the Lockdown Shower Program.  None of these beliefs, however, indicate that any Defendant *knew of, and disregarded an excessive risk to Plaintiff's health or safety*.

To the extent that Plaintiff believes that Defendants can be held liable solely because they failed to correctly perform their duties, he is incorrect.  A failure to perform duties, without a showing of knowing disregard, is insufficient to state and Eighth Amendment claim.  Such a statement is also conclusory.  Rule 8, discussed above, requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . ."  Iqbal, 129 S. Ct. at 1949 (citations omitted).

Finally, a negligent failure to follow prison rules is not, by itself, a constitutional violation.  Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1051–52 (9th Cir.2002) (there is no

constitutional prohibition against double-celling and negligent failure to follow prison rules is not a constitutional violation).

Plaintiff will be given <u>one final opportunity</u> to amend.

**D.    CONCLUSION AND ORDER**

Plaintiff's FAC fails to state a claim under section 1983.  The Court will provide Plaintiff with **one final opportunity** to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's FAC is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.       <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983</u>.

IT IS SO ORDERED.

Dated:   **December 4, 2013**                        /s/ Dennis L. Beck

                                                             UNITED STATES MAGISTRATE JUDGE