# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THABITI SALIM WILSON,<br><br>      Plaintiff,<br><br>   vs.<br><br>G. SILVA, et al.,<br><br>      Defendants. | 1:11cv01887 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>THIRY-DAY OBJECTION DEADLINE |

     Plaintiff Thabiti Salim Wilson ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 14, 2011.

     On January 31, 2013, the Court screened the complaint and found that Plaintiff failed to state a claim for which relief could be granted. Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on May 2, 2013.

     On December 4, 2013, the Court screened Plaintiff's FAC and again dismissed it with leave to amend. The Court afforded Plaintiff one final opportunity to file an amended complaint.

     After receiving numerous extensions of time, Plaintiff filed his Second Amended Complaint ("SAC") on June 9, 2014. He names Kern Valley State Prison ("KVSP") Correctional Officers G. Silva, John Doe and Jane Doe as Defendants.

1

## A.     LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California. The events occurred while Plaintiff was incarcerated at KVSP.

Plaintiff alleges that on January 9, 2008, he was housed in KVSP D Facility in Building 3. Defendant Silva was the Third Watch Control Officer for Building 3. Defendants John Doe and Jane Doe were the Third Watch Floor Staff in Building 3.

During work change on the morning of January 9, 2008, a group of black inmates attacked a group of white inmates. The white inmates were beaten and stabbed. As a result, the black and white inmates in Facility D were placed on lockdown. All Second Watch officers were aware of the incident, which occurred during Second Watch. Lockdown procedures were implemented and there were no further incidents on Second Watch.

When the Third Watch Staff arrived, they were made aware of the situation and the fact that Facility D was on lockdown.

During the evening shower program, inmates were released from their cells without being handcuffed and escorted by a floor officer. All inmates released before Plaintiff were Mexican. Plaintiff's cell was the first black cell released for shower. Plaintiff went to the shower and locked himself in. When he finished, Defendant Silva asked if he was done. Plaintiff told him that he was done, and Defendant Silva popped the lock on the shower door from his control board. As Plaintiff was returning to his cell, Defendant Silva opened the cell next to Plaintiff's. That cell was occupied by white inmates. These inmates immediately attacked Plaintiff and

stabbed him eleven times. No floor staff officers were present during the attack. Defendant Silva shot his block gun from the control booth and the attackers stopped their attack.

Plaintiff explains that lockdown procedures are put into place to ensure the safety of all inmates. While on lockdown, all inmates are to be handcuffed and escorted from their cell to the showers, and back from the showers. The floor staff is responsible for handcuffing and escorting inmates. The control booth officer is responsible for making sure inmates are cuffed before he opens the cell doors, and for making sure the door is secured before allowing staff to uncuff the inmate.

Plaintiff alleges that Defendant Silva was deliberately indifferent when he knowingly and willfully disregarded lockdown procedures by allowing Plaintiff to leave his cell uncuffed and without an escort. Plaintiff alleges that Defendant Silva knowingly put his safety in jeopardy by letting white inmates out while knowing what happened earlier in the day. Plaintiff contends that Defendant Silva's willful disregard of his responsibilities allowed the attack to occur.

Plaintiff further alleges that Defendants John and Jane Doe knowingly and willfully disregarded lockdown procedures by not handcuffing and escorting Plaintiff to the shower.

Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment, as well as a violation of his right to equal protection under the Fourteenth Amendment.

## C.      ANALYSIS

### 1.      Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer,

511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

In the prior screening orders, the Court explained that Plaintiff had not adequately alleged that Defendants knew of and disregarded an excessive risk to his health or safety.  Although Plaintiff alleged that Defendants failed to follow lockdown procedure, as he continues to do in his SAC, the Court explained that Plaintiff did not present facts to show that they did so in knowing disregard of Plaintiff's safety.

Plaintiff has not presented allegations to correct this deficiency.  Plaintiff has not shown that Defendants had any particularized knowledge that the white inmates would attack Plaintiff as he walked back to his cell.  Even though Plaintiff contends that Defendants disregarded lockdown procedures by allowing him to walk uncuffed and without an escort, this does not translate into a finding that Defendants had knowledge of a specific threat to Plaintiff from the white inmates that ultimately attacked him.  At most, Defendants' actions were negligent, Vaughn v. Cole, 2011 WL 6012500 (E.D.Cal. 2011), and do not rise to the level of an Eighth Amendment violation.  Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 105-152 (9th Cir.2002) (there is no constitutional prohibition against double-celling and negligent failure to follow prison rules is not a constitutional violation).

Accordingly, Plaintiff fails to state a claim under the Eighth Amendment.

2.      Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan,

705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff does not make any allegations that Defendants took any actions *because of* his race. The fact that Plaintiff is black and was attacked by white inmates does not create an equal protection violation. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (To state a claim, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1988).

Plaintiff therefore fails to state an equal protection claim.

D.  **FINDINGS AND RECOMMENDATIONS**

The Court has screened Plaintiff's SAC and finds that it does not state any cognizable claims for relief against any Defendant. Based on the nature of the deficiencies and the Court's previous screening order, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 3, 2014**                        /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE